NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALFREDO TORRES, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | |
| v. | **OPINION** |
| THE HOME DEPOT, INC., | Civ. No. 10-3152 (DMC) (JAD) |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Defendant The Home Depot, Inc. ("Home Depot") to dismiss Counts Two, Three and Four of the Complaint of Plaintiff Alfredo Torres ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. No oral argument was heard pursuant to Rule 78. For the reasons stated below, Defendant's motion is **granted**.

**I. BACKGROUND**[1]

Plaintiff was an assistant store manager at a Home Depot store in Clifton, New Jersey when he observed the store manager allowing friends and business acquaintances to remove mulch and top soil from the store at no change. Compl. ¶¶ 4-5. Concerned that the manager's actions amounted to stealing, Plaintiff contacted Home Depot's District Loss Prevention Manager to report the offense.

---

[1] The facts in the Background section have been taken from the parties' submissions.

Compl. ¶ 7. Five days after he reported the manager's indiscretions, Plaintiff was contacted by a District Manager and told that he was being transferred to a Home Depot store in East Hanover. Compl. ¶¶ 8-9. While Plaintiff was told the transfer would be "a good career move," the Complaint alleges that "East Hanover is known as the store where Assistant Managers are sent for discipline or retaliation as the manager who is in charge of that store is known for demeaning and harassing individuals to the point of forcing assistant managers to quit." Compl. ¶¶ 9-10.

The transfer proved to be inconvenient for Plaintiff as it doubled his commuting time. Compl. ¶ 12. Moreover, on his first day at the new store Plaintiff was allegedly "ordered by the manager to sweep the dock bay in front of every employee in order to demean [Plaintiff] and in retaliation for his conduct in reporting that his previous manager had violated company policy." Plaintiff alleges hearing from multiple people that a report had been sent back to his old manager "that [Plaintiff] was now being kept in line." Compl. ¶ 13. The "demeaning and harassing conduct" was so wearing on Plaintiff that within three weeks of his transfer, Plaintiff was unable to work and "was placed on disability by the state." Compl. ¶ 14.

Plaintiff filed a four-count Complaint in the Superior Court of New Jersey, Union County on April 26, 2010 alleging that he was subjected to "retaliatory actions" in violation of the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1 to 34:19-14, and also claiming intentional infliction of emotional distress, breach of contract and breach of the implied covenant of good faith and fair dealing. Home Depot timely removed the matter to this Court on June 21, 2010.

## II. STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. 550 U.S. at 555.

## III. DISCUSSION

CEPA was enacted by the New Jersey legislature in order to protect employees who reported wrongful conduct from retaliatory action. Baldassare v. State of New Jersey, 250 F.3d 188, 202 (3d Cir. 2001). The statute includes a waiver provision that provides:

> Nothing in this act shall be deemed to diminish the rights, privileges, or remedies of any employee under any other federal or State law or regulation or under any collective bargaining agreement or employment contract; except that the institution of an action in accordance with this act shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, State law, rule or regulation or under the common law.

N.J. Stat. Ann. § 34:19-8 (2010). Home Depot argues that Plaintiff's common law causes of action

should be dismissed as a matter of law because they are subsumed by this waiver provision. The Third Circuit, guided by the New Jersey Supreme Court, has previously recognized that "'[t]he waiver exception contains a list of sources of law that may provide a bundle of rights protecting employees from retaliatory discharge. Parallel claims based on those rights, privileges and remedies are waived because they represent multiple or duplicative claims based on retaliatory discharge.'" Baldassare, 250 F.3d at 202 (quoting Young v. Schering Corp., 660 A.2d 1153, 1160 (N.J. 1995)). Thus, in order for a common law claim to be waived, it must "arise from the same set of facts surrounding [plaintiff's] retaliation claim." Id.

Upon evaluating Plaintiff's state law claims, it is plain that the breach of contract and breach of the implied covenant of good faith and fair dealing causes of action are based on exactly the same facts as the CEPA claim in that both of those claims hinge on allegations that Plaintiff was involuntarily transferred in retaliation for filing a report against his superior. Accordingly, the Court finds those claims to be waived.

Though Plaintiff's intentional infliction of emotional distress claim derives from Plaintiff's transfer, the Court is not convinced that this claim is duplicative of the CEPA claim because it requires Plaintiff to prove the elements of the tort without regard to whether the East Hanover manager's actions were done in retaliation for Plaintiff's report. See Young, 660 A.2d at 1160-61 ("The waiver exception does not apply to those causes of action that are substantially independent of the CEPA claim."). Thus, the Court finds there has been no waiver of this claim.

Though CEPA does not prevent Plaintiff from pursuing his emotional distress claim, he must still clear the tall hurdle of pleading this cause of action. To do so, Plaintiff must establish "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe."

Buckley v. Trenton Savs. Fund Soc'y, 544 A.2d 857, 863 (N.J. 1988). For the conduct of Home Depot to be actionable, it must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Id. (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). Here, Plaintiff alleges that he "was ordered by his new manager to sweep the dock floors in front of his subordinates and during a three week period was ordered by his manager to do meaningless and demeaning jobs." Compl. ¶ 2 (Second Count). Assuming that these allegations are true, and that the manager's actions caused Plaintiff embarrassment, it can hardly be said that ordering a newly transferred employee to sweep and do other rudimentary work in the presence of his inferiors falls outside the bounds of societal acceptance. Despite the conclusory repetition of these terms by Plaintiff, the court finds the conduct to be neither "extreme" nor "outrageous." Thus, Plaintiff's intentional infliction of emotional distress claim must be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons stated, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted.

    S/ Dennis M. Cavanaugh
    Dennis M. Cavanaugh, U.S.D.J.

Date:     January  13 , 2011
Orig.:     Clerk
cc:     All Counsel of Record
    Hon. Joseph A. Dickson, U.S.M.J.
    File